■ Rose Galizi et al., Appellants, v Donald Mazin, Respondent.—Order, Supreme Court, Westchester County (Lu-

cille Polk Buell, J.), entered September 15, 1988, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

This is an action alleging legal malpractice stemming from defendant attorney's failure to preserve plaintiffs' rights by filing a notice of claim against the Village of Mamaroneck. Plaintiff Rose Galizi had consulted with defendant in anticipation of retaining him to commence a lawsuit to recover damages for injuries she sustained in a slip and fall which occurred on or about March 13, 1978, on a snow-covered macadam walkway.

By letter dated June 1, 1978, Mrs. Galizi advised defendant, in pertinent part, as follows: "I am aware that the location of the property or, the place where I fell, may be on property owned by the Village of Mamaroneck and that if the fall did take place on Village property a notice of claim will have to be filed with the Village within 90 days of the date of the accident. I hereby acknowledge that you have advised me that if the place of the accident is found to be on Village owned property that you are not willing to handle the case and that in no event do you intend to file a notice of claim. I further acknowledge that I hereby release you from any and all liability or responsibility for not filing a notice of claim or suing the Village or any governmental agency and that [it] is only with this understanding that you have agreed to take on the case and to determine the location of the fall. If the fall took place on Village property and your investigation so determines this fact, it is agreed that you do not have to handle my case and you are released from any and all responsibility as above stated." In light of this clear and unambiguous release, which is enforceable as a private agreement between the parties (Fleming v Ponziani, 24 NY2d 105), summary judgment was properly granted to defendant.

Moreover, in order to establish a prima facie case of legal malpractice, plaintiffs were required to demonstrate that they would have prevailed in the action, but for defendant's negligence. (Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz, 150 AD2d 153, 154.) This they have failed to do. Absent prior written notice to a village of a snow or ice condition on a public sidewalk, the village cannot be held liable for injuries sustained in a slip and fall. (CPLR 9804; Village Law §§ 6-600, 6-628; Palazzo v S.P.H.E. Real Estate, 105 AD2d 1017.) Here, no such notice had been filed with the village clerk's office prior to plaintiff's fall.

We have considered plaintiffs' remaining arguments on appeal, and find them to be without merit. Concur—Ross, J. P., Milonas, Kassal, Wallach and Rubin, JJ.