■ In the Matter of EDWARD J. SOKOLOWSKI, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 10, 1990, which granted petitioner's motion to serve a late notice of claim, unanimously affirmed, without costs.

Petitioner, a passenger in a vehicle, was allegedly injured in an accident on August 7, 1989, when the vehicle collided with a New York Housing Police vehicle, driven by respondent's employee. Although the police accident report clearly indicates that respondent's employee was involved, petitioner, ostensibly through inadvertence, initially served a notice of claim on the City, which informed petitioner of his error by letter dated November 14, 1989. Petitioner served a notice of claim on respondent on December 6, 1989, some four months after the occurrence of the accident, and subsequently moved for leave to file a late notice of claim pursuant to General Municipal Law § 50-e (5).

The IAS court did not err in granting leave to serve a late notice of claim, given the short period of the delay and the lack of prejudice to the respondent. *(Matter of Gerzel v City of New York*, 117 AD2d 549.) We note that respondent never denied actual notice of the accident, either as a result of notice from its employee or receipt of the police accident report. We have recently held that where, among other things, accident reports were filed describing the place and names of the occurrence, "it cannot reasonably be found that respondents suffered any actual prejudice in their ability to investigate the claim" *(Venezian v City of New York*, 172 AD2d 251, 252). Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.