■ MARY JOSEPH, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.

On July 6, 1989, petitioner was assaulted and robbed in the elevator of her apartment building, a New York City Housing Authority project. Shortly after the incident, petitioner notified respondent Authority of the occurrence when she requested to be transferred to other housing. Petitioner failed to file a notice of claim within the statutory 90-day period of General Municipal Law § 50-e (1) (a), instead filing a claim on February 22, 1990, approximately 8 months after the occurrence. The untimely notice alleges that respondent was negligent in, among other things, failing to maintain the door locks to the common areas in good repair, and in allowing loiterers to enter the premises.

The IAS court did not err in deeming petitioner's notice timely. The reports of the occurrence to respondent were sufficient to constitute actual notice, even though there is no indication that petitioner's report connected the criminal activity to a lack of security *(compare, Evans v New York City Hous. Auth.,* 176 AD2d 221). Contrary to respondent's contentions, the report of a physician who first examined the petitioner in May, 1990 was sufficient to establish her incapacity to seek timely legal advice due to depression. The sufficiency of this excuse is not undermined by the fact that petitioner was able to report the incident, and perform her normal daily activities. Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.