■ JACQUELINE G. et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered March 4, 1991, which granted plaintiffs' application for leave to serve a late notice of claim, unanimously affirmed, without costs.

Plaintiff, a minor, alleges that on April 25, 1989, she was raped and sodomized in her mother's apartment, owned by defendant Housing Authority. By order to show cause dated April 26, 1990, plaintiff sought leave to serve a late notice of claim on the Housing Authority, arguing that it had actual notice of the underlying facts by virtue of an extensive investigation by the police, and the reporting of the incident in contemporaneous news accounts. Plaintiff also offered the report of a psychologist stating that she interviewed plaintiff on September 10, 1990, and is of the opinion that plaintiff remained dazed and confused for a long time after the incident and was just beginning to recover from a traumatic

stress disorder that had "incapacitated her emotionally and mentally for well over a year".

Here, as in *Joseph v New York City Hous. Auth.* (179 AD2d 441), "[t]he reports of the occurrence to respondent were sufficient to constitute actual notice, even though there is no indication that petitioner's report connected the criminal activity to a lack of security". And, also as in *Joseph,* the report of the psychologist suffices to show plaintiff's incapacity to seek timely legal advice. In view of the actual notice of the incident, the lack of prejudice, and the excuse given for the delay, the application was properly granted. Concur—Milonas, J. P., Ellerin, Kupferman, Asch and Kassal, JJ.