■ RAFAEL GRULLON et al., Appellants, v CITY OF NEW YORK et al., Respondents. [635 NYS2d 24] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered October 31, 1994, denying petitioners' application to file a late notice of claim, unanimously modified, on the law and the facts and in the exercise of discretion, to grant the application to file a late notice of claim as to the claims for malicious prosecution, false arrest and false imprisonment, and, except as thus modified, affirmed, without costs or disbursements.

In November 1991, petitioner Rafael Grullon was arrested and charged with two counts of murder in the second degree and related offenses in connection with the killing of an individual during the commission of a robbery. Petitioner was released on bail on or about December 9, 1993 and, on June 2, 1994, the indictment was dismissed. On July 28, 1994, petitioner's then attorney filed a notice of claim on behalf of petitioner

against the City for false arrest, false imprisonment, malicious prosecution and civil rights violations, as well as on behalf of his wife for her derivative claims. Thereafter, petitioners retained present counsel, who advised that the notice of claim was untimely, and moved for permission to file a late notice of claim. Attached to the moving papers was an amended notice of claim which asserted claims for false arrest, false imprisonment, malicious prosecution, assault and battery and negligence. The IAS Court denied the motion, adopting the City's argument that the notice of claim had to be filed no later than 90 days after petitioner's release from custody and that late notice relief was unwarranted in the absence of a cognizable excuse justifying the delay in serving the notice of claim.

At the outset, it is noted that the City concedes that the claim for malicious prosecution is timely, since such a cause of action accrues on the date the charges are dismissed. (*See, Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 9.) As to the causes of action for false arrest and false imprisonment, under the circumstances of this case, where the police department conducted an extensive investigation in which the District Attorney's Office joined, knowledge of the essential facts constituting the claims within the statutory period can be imputed to the City. (*See, Tatum v City of New York*, 161 AD2d 580, 581, *lv denied* 76 NY2d 709; *see also, Justiniano v New York City Hous. Auth. Police*, 191 AD2d 252; *Matter of Reisse v County of Nassau*, 141 AD2d 649.) Therefore, the City cannot claim that it was prejudiced by the delay, which, in any event, was not a lengthy one.

There is, however, no showing that the City had timely notice, and, therefore, a timely opportunity to investigate, claims for an alleged assault, which accrues on the date of the assault (*McElveen v Police Dept.*, 70 AD2d 858), or for negligence in the handcuffing or physical handling of petitioner at the time of his arrest. Accordingly, we affirm the order of the IAS Court insofar as it denied permission to file a late notice with respect to those claims. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.