■ HILDA B. et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [638 NYS2d 36] —Order of the Supreme Court, Bronx County (Anne Targum, J.), entered November 29, 1994, which denied petitioners' motion for leave to serve a late notice of claim nunc pro tunc upon respondent, is unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion is granted, without costs or disbursements.

On October 2, 1993, petitioner, Hilda B., was attacked and sexually abused and molested by a dishevelled "street person" in her apartment building owned and operated by the respondent Housing Authority. The attack took place in the stairway of the premises while petitioner was holding her 22 month old

infant, and during the incident the infant was dropped and fell to the bottom of the stairs. The building had no working locks for the front or side entrance doors and petitioner observed the perpetrator come into the lobby through the unlocked front entrance door, when she initially was waiting for an elevator in the lobby.

The entire incident was reported both to the management and the Housing Police and petitioner was extensively interviewed by a named detective from the Housing Police. Further, four days after the incident, Sister Mary Malone, a certified social worker, wrote a long letter to the respondent Housing Authority, seeking to obtain new housing for petitioner, describing the incident at length. Petitioner failed to file a notice of claim within the statutory 90-day period of General Municipal Law § 50-e (1) (a), filing a claim which respondent received on March 24, 1994, about 2¹/₂ months after the expiration of the statutory period.

In bringing this motion for leave to serve a late notice of claim nunc pro tunc pursuant to the provisions of General Municipal Law § 50-e (5), the petitioners asserted the facts set forth above. Further, a three page report from a psychologist who saw the adult petitioner, submitted upon the motion, reported that petitioner "suffered from a particularly negative, overwhelming and intensely disruptive event which has produced enduring psychological symptoms, chronic distress and has additionally interfered with her ability to perform routine, daily tasks".

The report of the psychologist and petitioner's affidavit, which stated that she was unable to talk about the sexual assault until recently, are sufficient to show the inability of the petitioner to seek timely legal advice and justify the short delay in filing the notice of claim (*see, Jacqueline G. v New York City Hous. Auth.*, 181 AD2d 644). Further, "[t]he reports of the occurrence to respondent were sufficient to constitute actual notice" (*Joseph v New York City Hous. Auth.*, 179 AD2d 441). Finally, there was no showing of any prejudice to the respondent by a grant of the petition. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Mazzarelli, JJ.