(June 3, 1997)

■ FUNDISHA PRICE et al., Respondents, v MITCHEL I. HERSTIC et al., Appellants. [657 NYS2d 700] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about November 20, 1995, denying defendants' motion for summary judgment dismissing the complaint asserted on behalf of Fundisha Price, unanimously reversed, on the law, without costs, the motion is granted, and the action is dismissed, without prejudice to plaintiff's renewal with respect to the motion upon the submission of medical proof that she suffered depression during the relevant time period and that such was the reason for her failure to timely file a notice of claim. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

On October 25, 1984, fourteen year old Fundisha Price allegedly was raped at the Lincoln houses in the vicinity of 60 East 135th Street. Although plaintiff claims that the incident was reported to the New York City Housing Authority, no notice of claim, required by General Municipal Law § 50-e, was filed, nor was leave sought for late filing. Fundisha allegedly was raped again in 1987, at which time her mother, plaintiff Shii Price, retained defendant law firm, which filed the notice of claim and commenced an action against the New York City Housing Authority. The parties dispute whether Shii at that time asked defendants to pursue litigation in connection with the 1984 incident, and to seek leave to file a late notice of claim, specifically with reference to tolling on the basis of Fundisha's infancy. Defendants, noting that the retainer agreement memorialized only civil prosecution of the 1987 incident, contend that counsel became aware of the 1984 incident only in 1988, while listening to testimony at the General Municipal Law § 50-h hearing in connection with the 1987 incident.

151

Defendants, relying on the absence of a plausible excuse for the three-year delay, contend that seeking leave to file the late notice of claim at that point would have been futile, and they, therefore, took no further steps in that regard.

Plaintiff's remedy relies on prima facie proof that she would have succeeded (*Galizi v Mazin*, 161 AD2d 419) in the application for leave to file the late notice of claim as well as in the underlying tort action. Although a toll of infancy might have been recognized (General Municipal Law § 50-e [5]), the court, in exercising its discretion, would have been guided by whether the Housing Authority had received actual notice of the relevant facts, the explanation for the lengthy delay and whether the Housing Authority would have been prejudiced by the delay in its defense of the tort claims. While short periods of delay, in tandem with the agency's receipt of police reports as well as its own accident reports, allowing ample opportunity to investigate and defend, with no discernible prejudice to the agency, might warrant granting leave to file a late notice of claim (*see, e.g., Matter of Feliciano v New York City Hous. Auth.*, 188 AD2d 296 [notice of claim filed immediately after lapse of 90 day period]; *Matter of Toro v New York City Hous. Auth.*, 182 AD2d 358 [agency's own report submitted within 90 day period]), the fact of infancy in the present case resulted in an excessive delay. Except for plaintiff's conclusory allegations of depression, no plausible explanation has been provided why an extension on the basis of infancy should have been granted (*Doukas v East Meadow Union Free School Dist.*, 187 AD2d 552; *Matter of Katz v Rockville Centre Union Free School Dist.*, 131 AD2d 574, *lv denied* 71 NY2d 801). Accordingly, the complaint must be dismissed. However, dismissal is without prejudice to plaintiff seeking leave to renew upon her submission of proper medical proof that she had suffered depression for a significant time period between the 1984 incident and the retention of counsel, and that such depression was a medically valid explanation for the failure to seek prompt legal advice and to file a notice of claim (*Hilda B. v New York City Hous. Auth.*, 224 AD2d 304; *Jacqueline G. v New York City Hous. Auth.*, 181 AD2d 644; *Joseph v New York City Hous. Auth.*, 179 AD2d 441). Concur—Murphy, P. J., Rubin, Tom and Andrias, JJ.