■ F. P. et al., Respondents, v MITCHEL I. HERSTIC et al., Appellants. [693 NYS2d 123] —Order, Supreme Court, Bronx County (George Friedman, J.), entered March 17, 1998, granting plaintiff's motion for renewal of defendant's summary judgment motion granted by this Court's order of June 3, 1997, which reversed an order of the Supreme Court, Bronx County (Luis Gonzalez, J.), entered November 20, 1995, denying said motion, and upon renewal, denied defendants' motion for summary judgment, unanimously reversed, on the law, without

costs, defendants' motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

In this legal malpractice action, plaintiffs allege that defendant attorneys failed to move to file a late notice of claim against the New York City Housing Authority Housing (NYCHA) regarding an alleged 1984 rape of the then 14-year-old plaintiff. She was allegedly raped a second time on Housing Authority property in December 1987. After the 1987 incident, plaintiffs retained defendants to represent them in connection with a lawsuit against the NYCHA. It is undisputed that defendants filed a timely notice of claim pursuant to General Municipal Law § 50-e regarding the 1987 rape, and a General Municipal Law § 50-h hearing was held in April 1988. Defendants commenced an action against the NYCHA on plaintiffs' behalf shortly thereafter. The parties dispute whether defendants were advised about the 1984 incident at the time of retention. With respect to the 1987 incident, plaintiff's case against the Housing Authority proceeded to trial and resulted in a defendant's verdict. Plaintiff's appeals of that verdict to this Court and the Court of Appeals were unsuccessful (*see*, *Price v New York City Hous. Auth.*, 244 AD2d 186, *affd* 92 NY2d 553).

Defendants moved for summary judgment in the malpractice action, arguing that a motion to file a late notice of claim regarding the 1984 incident would have been futile because of the unexplained three-year delay and the obvious prejudice to the NYCHA in investigating the matter. In their opposition, plaintiffs argued that infancy alone constituted sufficient grounds to toll the time period for filing a notice of claim. The IAS Court denied defendants' motion with respect to plaintiff, finding several issues of fact bearing on defendants' alleged negligence, including the extent of plaintiff's disclosure of the 1984 incident, whether NYCHA or its agents received notice of said incident and the reasons for plaintiffs' delay in prosecuting their claim. The court dismissed the claims of plaintiff's mother, and no appeal is taken from that portion of the order.

This Court reversed, stating that although an infancy toll was within the IAS Court's discretion, it was inappropriate in this case where the delay was both excessive and unjustified by plaintiff's "conclusory allegations of depression" (240 AD2d 151, 152). However, the Court dismissed the complaint "without prejudice to plaintiff seeking leave to renew upon her submission of proper medical proof that she had suffered

depression for a significant time period between the 1984 incident and the retention of counsel, and that such depression was a medically valid explanation for the failure to seek prompt legal advice and to file a notice of claim" (*supra*, at 152).

Plaintiff sought renewal of the motion before the IAS Court, arguing that she did not seek legal redress as to the 1984 incident due to her infancy, and because her psychiatric state prevented her from talking about said incident. Plaintiff submitted an affidavit supporting this view from her psychiatric expert, Dr. Goldstein. Dr. Goldstein had examined plaintiff in 1991 and 1994, and had testified on plaintiff's behalf at the trial arising out of the 1987 incident. Defendant opposed renewal, arguing that the Goldstein affidavit was inconsistent with his prior reports and trial testimony, which were largely positive concerning plaintiff's psychiatric state during the relevant period. The IAS Court granted renewal of defendant's motion, and upon renewal, denied defendant's motion for summary judgment without elaboration.

Defendant's motion for summary judgment should have been granted. The proof submitted by plaintiff was insufficient to show that she suffered depression after the 1984 incident which prevented her from seeking prompt legal advice. Rather, the proof submitted appears to be tailored to meet plaintiff's current litigation needs. In his present affidavit, Dr. Goldstein opines that plaintiff's failure to seek legal redress concerning the 1984 incident was the result of a psychiatric reaction known as "Silent Rape Reaction", a variant of rape trauma syndrome. Dr. Goldstein described this reaction as "a state of deep psychological denial", where the traumatized victim is unable to talk to others about the incident, and may not be able to seek medical or legal assistance. According to him, plaintiff suffered this "masked depression" until the 1987 incident, when her feelings regarding the 1984 incident were reactivated.

Dr. Goldstein's earlier statements concerning plaintiff's condition during this period vary significantly. In his 1991 report on plaintiff, Dr. Goldstein stated that she "handled that earlier [1984] trauma much more adaptively * * * [s]he attended a crisis center briefly for counseling, returned to school, where she did well in high school, maintained her friends, [and] a normal social life." The report also incorporates a statement by plaintiff's mother to the effect that prior to 1986, plaintiff was an outgoing, normal girl, who enjoyed singing and having fun. Dr. Goldstein's report concluded that plaintiff was suffering from post-trauma depression arising from the *1987* incident.

At the trial of the 1987 incident, Dr. Goldstein testified that after the 1984 incident plaintiff attended the rape crisis center for a few months, but then "was doing okay" and did not require any further counseling. Additionally, another psychiatrist testifying at the trial stated that plaintiff exhibited no signs of depression prior to the 1987 incident. Clearly, Dr. Goldstein's prior statements regarding plaintiff's substantial recovery from the 1984 incident are inconsistent with his present claim that plaintiff was suffering from "Silent Rape Reaction" as a result of that incident.

Plaintiff's own testimony from the trial suggests that she was not suffering from debilitating depression during the subject period. Although she testified that she had problems such as nightmares and the fear of traveling alone after the 1984 rape, she also stated that within a year and a half, those problems had resolved themselves and she returned to normal. Additionally, notes taken during a 1984 interview of plaintiff by the Victims Services Agency reveal that she discussed the rape in detail with her interviewer, that she reported the incident to her mother, the police, and even her music teacher, and that she stated that she was feeling better. We agree with defendants that this evidence completely undermines Dr. Goldstein's present claim that plaintiff's "Silent Rape Reaction" prevented her from seeking prompt legal advice.

The cases cited by plaintiff are distinguishable (*see, e.g., Hilda B. v New York City Hous. Auth.*, 224 AD2d 304; *Jacqueline G. v New York City Hous. Auth.*, 181 AD2d 644; *Joseph v New York City Hous. Auth.*, 179 AD2d 441). In each of those cases, clear notice of the occurrence was given to the Housing Authority, the delay in seeking leave to file a late notice of claim was a year or less and the evidence submitted by the claimant of psychological incapacity was unimpeached.

"Pursuant to General Municipal Law § 50-e (5), the court, in determining whether to permit service of a late notice of claim, must consider whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter, and whether the public corporation's defense would be substantially prejudiced by the delay." (*Matter of Salter v New York City Hous. Auth.*, 251 AD2d 585, 586.) As plaintiff has failed to establish that any of these factors would have been decided in her favor, we agree with defendants that a motion to file a late notice of claim regarding the 1984 incident would have been futile.

Because plaintiff has not made a prima facie showing that

she would have succeeded in obtaining leave to assert this claim, so as to litigate the merits of the underlying tort action (*see, Galizi v Mazin*, 161 AD2d 419), defendants' motion for summary judgment in this malpractice action should have been granted. Concur—Williams, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.