■ ROSEMARY MCNAMARA, Respondent, v TENDY & CANTOR, P. C., et al., Appellants. [699 NYS2d 923] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Silverman, J.), dated April 2, 1998, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff brought this action to recover damages for legal malpractice, alleging that the defendant attorneys failed to file a timely notice of claim against a municipal tortfeasor allegedly responsible for the injuries she suffered in a "slip and fall" accident. In order to prevail in a legal malpractice action, the plaintiff must prove that the defendants failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and that but for the defendants' negligence, the plaintiff would have been successful in the underlying action (*see, Logalbo v Plishkin, Rubano & Baum,* 163 AD2d 511, 513; *see also, Saveca v Reilly,* 111 AD2d 493, 494).

There are triable issues of fact as to whether the municipal tortfeasor would have been liable to the plaintiff in an action commenced against it pursuant to a timely notice of claim (*see generally, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972; *Valentine v City of New York,* 86 AD2d 381, *affd* 57 NY2d 932). Therefore, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.