■ ROSEMARY MCNAMARA, Respondent, v TENDY & CANTOR, P. C., et al., Appellants. [699 NYS2d 923] —In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Silverman, J.), dated April 2, 1998, as denied that branch of their motion which was for summary judgment dismissing the complaint.

■ ROSEMARY MCNAMARA, Respondent, v TENDY & CANTOR, P. C., et al., Appellants. [699 NYS2d 918] —In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Dutchess County (Colabella, J.), dated November 16, 1998, which granted the plaintiff's motion to strike their affirmative defense of failure to mitigate damages and denied their cross motion for summary judgment dismissing the complaint based on that defense.

Ordered that the order is affirmed, with costs.

In a companion appeal in this action to recover damages for

legal malpractice, we have determined that there are triable issues of fact as to whether the municipal tortfeasor would have been liable to the plaintiff in an action commenced against it pursuant to a timely notice of claim (*see, McNamara v Tendy & Cantor.,* 267 AD2d 362 [decided herewith]).

The defendants have asserted a defense based essentially on allegations that the present attorney for the plaintiff could have sought leave to serve and file a late notice of claim, but failed to do so. In assessing the merits of this defense, the Supreme Court properly considered whether such an application would have been successful (*see, Price v Herstic,* 240 AD2d 151). We agree with the Supreme Court that such an application would not have been successful. Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment, and granted the plaintiff's motion to strike that defense. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.