■ MARILYN POTTS, Appellant, v CITY OF NEW YORK HEALTH AND HOSPITALS CORPORATION et al., Respondents, et al., Defendants. [706 NYS2d 622] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 24, 1998, denying plaintiff's application for leave to serve a late notice of claim on defendant Health and Hospitals Corporation (HHC), and order, same court and Justice, entered April 7, 1999, which, to the extent appealable, granted the motion of defendants HHC and Riyad Bisar for summary judgment dismissing the complaint against them, and denied plaintiff's cross motion for renewal of her application for leave to serve a late notice of claim, unanimously affirmed, without costs.

The IAS Court properly denied plaintiff's application for leave to file a late notice of claim against the HHC defendants given the inadequacy of plaintiff's excuse for the delay. Although plaintiff asserts that the delay was attributable to the circumstance that she was awaiting hospital records, it is plain that those records were not necessary to the composition and filing of a notice of her claim (see, Rechenberger v Nassau County Med. Ctr., 112 AD2d 150, 152). Indeed, the medical records in defendants' possession did not afford notice of the facts constituting plaintiff's claim of negligent testing and treatment (see, Matter of Negron v New York City Health & Hosps. Corp.,

262 AD2d 217; *cf.*, *Rechenberger v Nassau County Med. Ctr.*, *supra*). Finally, contrary to plaintiff's contention, a timely notice of claim is a condition precedent to commencement of the action against an HHC treating physician (*Jae Woo Yoo v New York City Health & Hosps. Corp.*, 239 AD2d 267; *see also,* McKinney's Uncons Laws of NY § 7401 [6] [New York City Health and Hospitals Corporation Act § 20 (6); L 1969, ch 1016, § 1, as amended]; General Municipal Law § 50-e [1] [b]; § 50-k). Concur—Nardelli, J. P., Tom, Mazzarelli, Andrias and Buckley, JJ.