■ JOYCE HARDIE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [719 NYS2d 256] —In a medical malpractice action, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated August 17, 1999, which granted the motion of the defendant New York City Health and Hospitals Corporation to dismiss the complaint for failure to timely file a notice of claim.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when an intravenous needle was negligently administered to her left arm. As the plaintiff failed to file a notice of claim within 90 days of the accrual of her cause of action, and never sought leave to file a late notice of claim (*see,* General Municipal Law § 50-e; McKinney's Uncons Laws of NY § 7401 [2]), her complaint would be timely only if the continuous treatment doctrine applied (*see, Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333). However, the Supreme Court correctly determined that the continuous treatment doctrine did not apply, because the plaintiff did not have "continuing trust and confidence" (*Coyne v Bersani,* 61 NY2d 939, 940) in the doctors at the defendant's hospital, or "contemplat[e] any continuity of relationship" (*Allende v New York City Health & Hosps. Corp., supra,* at 339) with those doctors. Therefore, the Supreme Court properly granted the defendant's motion to dismiss the complaint. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.