■ Marshall Nunez, Appellant, v City of New York et al., Respondents. [762 NYS2d 384] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered September 15, 2002, which denied claimant-appellant's motion to file a late notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the matter remanded for further proceedings.

Claimant presently is a 22-year-old developmentally dis-

abled man who was arrested on October 14, 1999 in connection with a rape. He is functionally illiterate, with the cognitive abilities of an 11-year-old child, and his mathematical skills are limited to finger-counting, as is established by Board of Education and other records. In May 2000, DNA testing established his innocence, and on November 17, 2000, the Bronx County District Attorney's office moved for dismissal of all charges against him. On August 20, 2001, claimant moved for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, putting the municipal defendants on notice regarding a civil action alleging false arrest, unlawful imprisonment and malicious prosecution.

A notice of claim must be filed within 90 days after the claim arose (General Municipal Law § 50-e [1] [a]), though a court may grant the claimant leave to file a late notice of claim within one year and 90 days of accrual (General Municipal Law § 50-e [5]; *Pierson v City of New York,* 56 NY2d 950 [1982]). The false arrest and unlawful imprisonment claims accrued on May 25, 2000, when the claimant was released from prison, and the malicious prosecution claim accrued on November 17, 2000, when the proceeding was terminated in his favor by dismissal (*Matter of Ragland v New York City Hous. Auth.,* 201 AD2d 7 [1994]). As to both claims, then, the notice of claim was untimely, but the request for leave to file the late notice of claim was timely, so that the court's denial of the request is properly before us for review.

In connection with his motion, claimant noted his mental incapacity, his mother's lack of knowledge of the requirements of section 50-e, and that he had not been represented by counsel during the filing period. He also argued that the facts regarding his arrest and incarceration were within the possession of defendant New York City Police Department at all times, knowledge of which should be imputed to defendant New York City. He averred that he was unaware of what should be done upon being released from custody, but asked his mother what he should do in June of 2000. She also did not know what to do, but contacted an attorney, present counsel. Counsel affirms that upon ascertaining that a notice of claim had not been filed, he directed claimant to secure copies of Board of Education documentation in order to establish his disability. These were forwarded to counsel on August 9, 2001, which then became the basis for the present motion. In the meantime, a late notice of claim had been filed, but rejected as untimely, on July 12, 2001.

In reviewing whether the court properly exercised its discre-

tion in granting or denying such a leave motion, we look to, inter alia, whether the claimant was mentally incapacitated, whether the municipality acquired knowledge of the essential facts regarding the cause of action within 90 days of accrual or shortly thereafter, and whether the municipality would be substantially prejudiced if the motion were to be granted (General Municipal Law § 50-e [5]; *Matter of Ragland v New York City Hous. Auth., supra*). For present purposes, the claimant's mental incapacity is sufficiently established, the Police Department had all essential facts in its possession, and under the circumstances of this case, such knowledge may be imputed to the City (*Grullon v City of New York*, 222 AD2d 257 [1995]; *Goodall v City of New York*, 179 AD2d 481 [1992]). Finally, the Police Department's investigation of the underlying crime for which the claimant was arrested and its continuing involvement until such time as he was released, reasonably precludes substantial prejudice arising from any impediments to an investigation of the civil claim (*Grullon, supra*; *Santana v City of New York*, 183 AD2d 665 [1992]). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.