JENNIFER STOLL et al., Appellants, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. [779 NYS2d 256]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Spodek, J.), dated February 10, 2003, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to General Municipal Law § 50-e for failure to timely serve a notice of claim. The appeal brings up for review an order of the same court dated May 7, 2003, which, in effect, upon renewal and reargument, adhered to its original determination (see CPLR 5517 [b]).

Ordered that the appeal from the order dated February 10, 2003, is dismissed, as that order was superseded by the order dated May 7, 2003, made, in effect, upon renewal and reargument; and it is further,

Ordered that the order dated May 7, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The injured plaintiff Jennifer Stoll (hereinafter the plaintiff) allegedly sustained injuries when an intravenous needle was administered to her hand while a patient at the defendant's hospital. The plaintiff and her husband failed to serve a notice of claim within 90 days of the accrual of the cause of action, and did not seek leave to serve a late notice of claim (see General Municipal Law § 50-e; McKinney's Uncons Laws of NY § 7401 [2]). Moreover, the Supreme Court correctly found that the continuous treatment doctrine did not apply to toll the 90-day period within which to serve a notice of claim (see Allende v New York City Health & Hosps. Corp., 90 NY2d 333 [1997]; Hardie v New York City Health & Hosps. Corp., 278 AD2d 453, 454 [2000]; see generally Borgia v City of New York, 12 NY2d 151 [1962]). Therefore, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to General Municipal Law § 50-e for failure to timely serve a notice of claim.

The plaintiffs' remaining contentions are without merit. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.