OPINION OF THE COURT
Paul A. Victor, J.
Relief Sought
Defendants Joseph and Emanuella Bryson (as counterclaim plaintiffs) move for leave to serve a late notice of claim.
Issue Presented
This motion raises an issue which appears to be of first impression, i.e., whether permission to file a late notice of claim under General Municipal Law § 50-e should be granted when the claimant intentionally fails to file the notice of claim in order to gain a perceived advantage in an underlying criminal proceeding?
Facts and Legal Argument
By motion served April 24, 2006, defendants Joseph and Emanuella Bryson seek leave to serve a late notice of claim for false arrest and false imprisonment. Defendant Joseph Bryson was allegedly arrested and imprisoned on January 27, 2005. The criminal prosecution against him allegedly terminated in his favor on November 14, 2005. A notice of claim alleging false arrest, false imprisonment, and malicious prosecution was filed on November 28, 2005. This notice was timely only as to the claim for malicious prosecution.
This action was commenced by plaintiff Perez, a person allegedly assaulted by Bryson. Defendant Bryson, plaintiff on the counterclaim, alleges that it was he who was assaulted by plaintiff Perez; and Bryson further claims that he (Bryson) was falsely arrested, falsely imprisoned, and maliciously prosecuted based on Perez’ allegations. It appears that Bryson, then employed as a driver for handicapped children for counterclaim defendant Rusk Institute of Rehabilitation Medicine, was involved in an altercation with plaintiff Perez, a security guard at Mount Sinai. According to Bryson, he was subjected to an unprovoked attack by plaintiff Perez, suffering a broken tibia; while in the emergency room, he was accused of assault by Perez; and later he was arrested in the emergency room by New York City police officers. Defendant Bryson states that he was under arrest in the hospital until he was arraigned. The certifi *537 cate of disposition indicates that all charges were eventually dismissed against Bryson.
The complaint report indicates that the complainant (Perez) reported that Bryson in fact assaulted Perez, that Bryson struck Perez and grabbed his testicles, and that Bryson kicked Perez, breaking Perez’ ankle.
As revealed by the General Municipal Law § 50-h hearing testimony, a notice of claim was intentionally not filed as to the claims for false arrest and false imprisonment. This determination was made on the advice of the Brysons’ criminal counsel, who was concerned that the District Attorney’s office might pursue the criminal proceeding more vigorously if an action were commenced.
Law Relating to Notice of Claim
A notice of claim is a statutory device that creates a condition precedent to the right to bring an action (see, McKinney’s Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]). This statutory precondition serves “to enable municipalities to pass upon the merits of a claim before the initiation of litigation and thereby forestall unnecessary lawsuits” (Alford v City of New York, 115 AD2d 420, 421 [1st Dept 1985], affd 67 NY2d 1019 [1986]).
The late service of a notice of claim without leave of the court is a nullity (see, Kokkinos v Dormitory Auth. of State of N.Y., 238 AD2d 550 [2d Dept 1997]; De La Cruz v City of New York, 221 AD2d 168 [1st Dept 1995]; Armstrong v New York Convention Ctr. Operating Corp., 203 AD2d 170, 170-171 [1st Dept 1994] [“The court lacked the discretion to excuse plaintiffs’ late service of their notice of claim since their motion for such relief was not made until after the one-year Statute of Limitations had run, and it makes no difference that plaintiffs, without court leave, had served the notice of claim within the limitations period”]; Carr v City of New York, 176 AD2d 779 [2d Dept 1991]; Bourguignon v City of New York, 157 AD2d 644 [2d Dept 1990]). Plaintiffs failure to file a notice of claim within 90 days of the accrual of her cause of action, and her failure to seek leave to file a late notice of claim (see, General Municipal Law § 50-e; McKinney’s Uncons Laws of NY § 7401 [2]) requires that the complaint be dismissed. (Hardie v New York City Health & Hosps. Corp., 278 AD2d 453 [2d Dept 2000].)
*538 General Municipal Law § 50-e (5) provides:
“Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.
“An application for leave to serve a late notice shall not be denied on the ground that it was made after commencement of an action against the public corporation.”
Applying the statutory criteria, the courts have identified the factors to be considered by the court in determining whether or not leave to serve a late notice of claim should be granted as including: (1) whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim,[1] (2) *539 whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter,[2] (3) whether the *540 claimant was an infant, or mentally or physically incapacitated, and (4) whether the delay would substantially prejudice the municipality in maintaining its defense on the merits.[3]
The one-year and 90-day period for filing a late notice of claim is inflexible; the motion court does not have the discretion to permit plaintiff to file a late notice of claim when the motion is made more than one year and 90 days beyond the accrual of the cause of action (see, General Municipal Law § 50-e [5]; § 50-i [1]; Pierson v City of New York, 56 NY2d 950 [1982]; Abad v New York City Health & Hosps. Corp., 214 AD2d 342 [1995]; Lopez v Lincoln Hosp., 272 AD2d 275 [1st Dept 2000]).
While, as a general proposition, a court entertaining an application to serve a late notice of claim will not examine the merits of the underlying cause of action, the motion should be denied when the claim is “patently meritless.” (Caldwell v 302 *541 Convent Ave. Hous. Dev. Fund Corp., 272 AD2d 112, 114 [1st Dept 2000]; Matter of Katz v Town of Bedford, 192 AD2d 707, 708 [1993].)
In Williams v Nassau County Med. Ctr. (6 NY3d 531 [2006]), the Court affirmed the denial of leave to file a late notice of claim, making clear that the fact that a hospital maintains records does not, without more, establish actual knowledge of a potential injury. The infant plaintiff sought to file a late notice of claim on his 10th birthday, claiming that defendant committed malpractice in connection with his birth, resulting in epilepsy and other conditions. The hospital’s records revealed the infant had a difficult delivery and suffered a broken clavicle. However, his Apgar scores were satisfactory, and at two years old his EEG was normal. Because the defendant could reasonably have concluded that plaintiff was not injured during delivery, defendant did not have knowledge of the facts underlying the claim of malpractice. In addition, a delay in serving a notice of claim which results from infancy may legitimately be considered as a more compelling basis for permitting late service argument to justify an extension, while a delay not caused by the fact of infancy may legitimately be considered to be less compelling. In view of the length of the delay and the lack of actual knowledge on the part of defendant, a finding of substantial prejudice was supported by the record.
Discussion
The false arrest and unlawful imprisonment claims accrued on the date when defendant Bryson was released from confinement, i.e., February 4, 2005; the malicious prosecution claim accrued on November 14, 2005, when the proceeding was terminated in his favor by dismissal (Roche v Village of Tarrytown, 309 AD2d 842 [2d Dept 2003]; Matter of Ragland v New York City Hous. Auth., 201 AD2d 7 [1994]). The present motion therefore concerns only the request for leave to serve a late notice of claim as to the claims for false arrest and unlawful imprisonment, as to which the requisite 90-day period expired on May 5, 2005. The notice of claim is timely as to the claim for malicious prosecution.
The first consideration on this motion is whether the moving defendants have demonstrated a reasonable excuse for their failure to serve a timely notice of claim. This court cannot find that plaintiffs excuse was “reasonable” within the meaning of the statute under the circumstances presented. The failure to *542 serve a notice of claim was an intentional decision admittedly employed to gain a perceived strategic advantage in the underlying criminal prosecution; and, by extension, any perceived benefit in avoiding criminal liability would inure to the moving defendants’ advantage in this lawsuit. Although it may have been reasonable for the moving defendant, as a defendant in a criminal action, to employ this strategy, the court finds it difficult to condone a willful evasion of the requirements of the law. It does not appear reasonable, under the circumstances, that plaintiffs should gain an advantage for intentionally concealing their intent to seek redress for the alleged conduct of the New York City police in arresting and confining the plaintiff. (See Powell v City of New York, 32 AD3d 227 [1st Dept 2006] [petitioner failed to proffer a reasonable excuse for his failure to serve a notice of claim within the statutory time frame with respect to the false arrest, false imprisonment and malicious prosecution claims].)
There is case law suggesting that, in cases alleging false arrest and imprisonment by municipal police officers, knowledge of the essential facts constituting the claims within the statutory period can be imputed to the City. (See Grullon v City of New York, 222 AD2d 257, 258 [1st Dept 1995]; Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 14 [2d Dept 1994].) In addition, there are cases suggesting a lack of prejudice in cases similar to this. (See Nunez v City of New York, 307 AD2d 218 [1st Dept 2003] [Police Department’s investigation of the underlying crime for which the claimant was arrested, and its continuing involvement until such time as he was released, reasonably precludes substantial prejudice arising from any impediments to an investigation of the civil claim].) Nevertheless, under the totality of circumstances, and weighing all of these factors, and especially in view of the lack of an adequate excuse — indeed, a willful determination not to file a notice of claim in order to gain a strategic advantage — the motion must be denied.
Conclusion
The motion is denied.

. It has been held that delay in serving the notice of claim which was the result of law office failure is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (see Matter of Kittredge v New York City Hous. Auth., 275 AD2d 746 [2000]; Matter of Serrano v New York City Hous. Auth., 197 AD2d 694 [1993]; see Potts v City of New York Health & Hosps. Corp. (270 AD2d 129 [1st Dept 2000] [plaintiffs excuse that the delay was attributable to the circumstance that she was awaiting hospital records was inadequate, as those records were not necessary to the composi *539 tion and filing of a notice of her claim]). The erroneous filing of the claim with the City of New York, a nonparty, is not a sufficient excuse. (Quinn v Manhattan & Bronx Surface Tr. Operating Auth., 273 AD2d 144 [1st Dept 2000].) Nor is the alleged failure of the claimant to realize the extent of the injury, absent medical evidence explaining why the serious nature of the injury took so long to become apparent and diagnose (see, Gaudio v City of New York, 235 AD2d 228 [1997]; Gomez v City of New York, 250 AD2d 443 [1st Dept 1998]).
Psychological incapacity may provide a reasonable excuse. (See, e.g., Hilda B. v New York City Hous. Auth., 224 AD2d 304 [1st Dept 1996] [report of the psychologist and petitioner’s affidavit, which stated that she was unable to talk about the sexual assault until recently, established the inability of the petitioner to seek timely legal advice, justifying the short delay in filing the notice of claim]; but see, F.P. v Herstic, 263 AD2d 393 [1st Dept 1999] [defendants’ evidence completely undermined expert’s affidavit that plaintiffs silent rape reaction prevented her from seeking prompt legal advice].)
“While the reasonableness of the excuse for the delay proffered by the petitioner in this case may be open to question, the absence of a reasonable excuse is not necessarily fatal (see, Matter of Alvarenga v Finlay, 225 AD2d 617; Matter of Morgan v New York City Hous. Auth., 181 AD2d 89; Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671).” (Matter of Urgiles v New York City School Constr. Auth., 283 AD2d 434, 434 [2d Dept 2001]; see also Diallo v City of New York, 224 AD2d 339, 340 [1st Dept 1996] [holding that, “Absence of an acceptable excuse for delay is not necessarily fatal to petitioner’s motion; all relevant factors should be considered on an application to file a late notice of claim, including ‘actual knowledge of the essential facts constituting the claim within the 90-day statutory period’ (Justiniano v New York City Hous. Auth. Police, 191 AD2d 252)”]; see also Soto v New York City Hous. Auth., 180 AD2d 570, 571 [1st Dept 1992] [holding that while the “excuse here does amount to mere law office failure, the manifest lack of prejudice . . . (and) the receipt of actual knowledge by the filing of the police-aided report, demonstrate no abuse of discretion in granting the application”].)

. The listing of a sidewalk defect on a Big Apple Map filed nine months before an accident did not suffice to give the City actual knowledge of the essential facts or nature of the claim. (Konstantinides v City of New York, 278 AD2d 235 [2d Dept 2000].)
The filing of a police report does not, in itself, establish actual notice. In one action, plaintiff served a timely notice of claim indicating that only property damage was sustained. The police report indicating that plaintiff was injured, but did not describe either the nature or severity of plaintiffs injuries, or indicate that plaintiff was removed from the accident scene by ambulance to a city hospital.
“To adopt plaintiffs position that such circumstances gave defendant timely actual notice of the facts constituting his claim would be to substitute police reports for notices of claim in every instance, mandate that defendant investigate every possible *540 cause of action that might be suggested in an accident report, [and] disregard the prejudice caused by the lost opportunity to conduct a prompt investigation” (Olivera v City of New York, 270 AD2d 5, 6 [1st Dept 2000]; see also Matthews v New York City Hous. Auth., 180 AD2d 669, 670 [1992]; Walker v New York City Tr. Auth., 266 AD2d 54, 55 [1st Dept 1999] [police “aided” report did not connect the occurrence with any negligence by respondents, and thus did not constitute notice]; but see Matter of Cicio v City of New York, 98 AD2d 38, 39-40 [1983] [since defendants were in receipt of an accident report and an aided report, which indicated that there were no witnesses to the accident, filled out by the police officer who responded to the accident scene, they had, from the outset, notice of the facts upon which plaintiff’s claim is premised]).
Nor will the making of an accident report by respondent’s employee invariably establish actual knowledge of the essential facts constituting the claim within 90 days of the occurrence (see, Washington v City of New York, 72 NY2d 881 [1988]).

. In one case, the passage of 11 months between the time of the accident and the making of the application was held to prejudice respondent’s ability to investigate the alleged sidewalk defect effectively. (Lefkowitz v City of New York, 272 AD2d 56 [1st Dept 2000].) On the other hand, in another case, the existence of photographs of the location of the accident alleviated any prejudice to respondent (Barnes v New York City Hous. Auth., 262 AD2d 46 [1st Dept 1999]).
Respondent’s claim of prejudice will not be persuasive when the alleged conditions giving rise to the occurrence are highly transitory, such that the condition would not have been available for inspection even if the filing of the notice of claim had been timely. For example, defendants’ claim that they were prejudiced by plaintiffs delay was undermined by the circumstance that the icy condition to which plaintiff attributed her injury was highly transitory and would not have remained for defendants’ investigation even if plaintiffs’ notices had been timely filed, i.e., within 90 days of the accident. (Gamoneda v New York City Bd. of Educ., 259 AD2d 348 [1st Dept 1999].)