In the Matter of LYDIA GITIS, Respondent, v CITY OF NEW YORK, Appellant. [891 NYS2d 39]—

Supreme Court exercised its discretion in an improvident manner in granting plaintiff's application for leave to file a late

notice of claim some three months after expiration of the applicable 90-day deadline (General Municipal Law § 50-e [1] [a]; [5]; *see e.g. Washington v City of New York*, 72 NY2d 881, 883 [1988]). The record shows that petitioner not only failed to demonstrate that respondent City of New York had timely actual notice of her claim, but she also failed to establish a reasonable excuse for failing to meet the statutory deadline. Petitioner possessed the Big Apple Map reflecting defects at the subject location, and while she asserts that the delay in filing a timely notice of claim was attributable to the fact that she was awaiting documents from the Department of Transportation, those records were not necessary to the composition and timely filing of a notice of her claim (*see Potts v City of N.Y. Health & Hosps. Corp.*, 270 AD2d 129 [2000]).

Petitioner also failed to establish the absence of prejudice to the City, as photographs of the accident location taken by petitioner shortly after the accident depict the sidewalk in its original condition, while photographs taken by her investigator after the expiration of the 90-day period reveal that repairs had been made. Had timely notice been filed, the City may have been able to perform an inspection of the sidewalk in its original condition (*compare Matter of Gerzel v City of New York*, 117 AD2d 549, 551-552 [1986]). Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ.