# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**306**
**CA 15-00963**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

KIMBERLY LAWTON, CLAIMANT-APPELLANT,

V                                        MEMORANDUM AND ORDER

TOWN OF ORCHARD PARK AND ORCHARD PARK POLICE
DEPARTMENT, RESPONDENTS-RESPONDENTS.

---

HOGAN WILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR
CLAIMANT-APPELLANT.

BARCLAY DAMON, LLP, BUFFALO (JAMES P. DOMAGALSKI OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Catherine
R. Nugent Panepinto, J.), entered November 14, 2014. The order denied
the application of claimant for leave to serve a late notice of claim.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the application is
granted upon condition that the proposed notice of claim is served
within 20 days of the date of entry of the order of this Court.

Memorandum: Claimant appeals from an order denying her
application for leave to serve a late notice of claim pursuant to
General Municipal Law § 50-e (5) for her claims for, inter alia, false
arrest and imprisonment and malicious prosecution. Supreme Court
abused its discretion in denying the application. Claimant
demonstrated a reasonable excuse for her delay in serving the notice
of claim, i.e., the continued pendency until March 2014 of the
criminal prosecution against her and, following that, the continued
pendency of the child custody litigation that was an outgrowth of the
criminal prosecution (*see generally Matter of Ragland v New York City
Hous. Auth.*, 201 AD2d 7, 12-13). In any event, the failure to tender
a reasonable excuse would not have been fatal to claimant's
application inasmuch as respondents had actual knowledge of the
essential facts constituting the claim within the 90-day period and,
indeed, had actual notice of the facts underlying the claims of false
arrest/imprisonment and malicious prosecution at the time of the
accrual of those claims (*see Nunez v City of New York*, 307 AD2d 218,
220; *Grullon v City of New York,* 222 AD2d 257, 258). Moreover,
respondents " 'made no particularized or persuasive showing that the
delay caused [them] substantial prejudice' " (*Casale v Liverpool Cent.
Sch. Dist.*, 99 AD3d 1246, 1247; *see Matter of Hall v Madison-Oneida*

*County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435).