Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered November 14, 2014. The order denied the application of claimant for leave to serve a late notice of claim.
It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the application is granted upon condition that the proposed notice of claim is served within 20 days of the date of entry of the order of this Court.
Memorandum: Claimant appeals from an order denying her application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) for her claims for, inter alia, false arrest and imprisonment and malicious prosecution. Supreme Court abused its discretion in denying the application. Claimant demonstrated a reasonable excuse for her delay in serving the notice of claim, i.e., the continued pendency until March 2014 of the criminal prosecution against her and, following that, the continued pendency of the child custody litigation that was an outgrowth of the criminal prosecution (see generally Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 12-13 [1994]). In any event, the failure to tender a reasonable excuse would not have been fatal to claimant’s application inasmuch as respondents had actual knowledge of the essential facts constituting the claim within the 90-day period and, indeed, had actual notice of the facts underlying the claims of false arrest/imprisonment and malicious prosecution at the time of the accrual of those claims (see Nunez v City of New York, 307 AD2d 218, 220 [2003]; Grullon v City of New York, 222 AD2d 257, 258 [1995]). Moreover, respondents “ ‘made no particularized or persuasive showing that the delay caused [them] substantial prejudice’ ” (Casale v Liverpool Cent. Sch. Dist., 99 AD3d 1246, 1247 [2012]; see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009]).
Present — Whalen, P.J., Peradotto, Lindley, NeMoyer and Scudder, JJ.