Rochester v City of New York (2019 NY Slip Op 00066)





Rochester v City of New York


2019 NY Slip Op 00066


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Manzanet-Daniels, J.P., Tom, Mazzarelli, Webber, JJ.


8032 250288/14

[*1]Charles Rochester, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Charles Rochester, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 18, 2017, which, inter alia, denied plaintiff's motion for leave to file a late notice of claim, and granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to deny defendants' motion as to the claim for malicious prosecution, and otherwise affirmed, without costs.
Supreme Court properly denied plaintiff's motion to deem his July 1, 2013 notice of claim timely filed for his claims accruing as of his June 27, 2012 arrest (Pierson v City of New York , 56 NY2d 950, 954-956 [1982]). However, on appeal, defendants acknowledge that the notice of claim was timely as to plaintiff's malicious prosecution claim, which did not accrue until the April 1, 2013 dismissal of the charges against him (Nunez v City of New York , 307 AD2d 218, 219 [1st Dept 2003]).
While plaintiff's claim alleging violation of 42 USC § 1983 was not subject to the notice of claim requirement (Liu v New York City Police Dept. , 216 AD2d 67, 68 [1st Dept 1995], lv denied 87 NY2d 802 [1995], cert denied 517 US 1167 [1996]), the failure to plead that the alleged constitutional violations were the result of an official policy except in bare conclusory terms is fatal to this cause of action (id. ; Connick v Thompson , 563 US 51, 60-62 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK