Spruill v City of New York (2023 NY Slip Op 05701)

Spruill v City of New York

2023 NY Slip Op 05701

Decided on November 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2023

Before: Kapnick, J.P., Singh, Moulton, Shulman, Rosado, JJ. 

Index No. 153749/19 Appeal No. 1010 Case No. 2022-04475 

[*1]Jeremiah Spruill, Plaintiff-Respondent,
v
The City of New York et al., Defendants-Appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Karin Wolfe of counsel), for appellants.
Beldock Levine & Hoffman, LLP, New York (Marc Arena of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered August 5, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's cross-motion for leave to serve an amended complaint adding a new claim for malicious prosecution, unanimously affirmed, without costs.
Supreme Court properly applied the relation-back doctrine to plaintiff's claim for malicious prosecution because the original verified complaint placed defendants on notice of the underlying transactions (CPLR 203[f]). The complaint alleged that on March 12, 2014, defendants Oscar Fernandez, Christopher Heredia, Jamal Hairston, and Undercover Officer UC0039 were acting in the scope of their employment with defendant City of New York when they unlawfully detained plaintiff without any suspicion of illegal activity, lodged false criminal charges against him, forwarded fabricated evidence to the prosecutor's office, and assisted in his prosecution despite knowing that he was not guilty of the charged crime. The complaint further alleges that defendants' actions resulted in plaintiff's conviction and six-year prison sentence, of which he served about 41 months before the court vacated his conviction and dismissed the indictment against him. These allegations sufficed to give defendants notice of the transactions or occurrences to be proved in asserting the malicious prosecution claim in the proposed first amended verified complaint (see Demir v Sandoz Inc., 155 AD3d 464, 465 [1st Dept 2017]).
It is of no moment that the other claims in the complaint were dismissed on statute of limitations grounds for failing to timely move for leave to file a late a notice of claim. The dismissals do not undermine the allegations in the complaint, which clearly put defendants on notice of the malicious prosecution claim (see Pendleton v City of New York, 44 AD3d 733, 736 [2d Dept 2007]; see also Tiller v Atlantic Coast Line, 323 US 574, 581 [1945]).
In addition, plaintiff complied with the condition precedent to suit by serving a timely notice of claim for his malicious prosecution cause of action. The record shows that plaintiff's conviction was dismissed on January 18, 2018, and that he served the notice of claim 57 days later, on March 16, 2018. This date fell within 90 days of the date that the claim accrued — namely, the date the conviction was dismissed (General Municipal Law § 50-e[1]; see Grullon v City of New York, 222 AD2d 257, 258 [1st Dept 1995]). The record also shows that plaintiff filed the verified complaint on April 11, 2019, seven days before expiration of the one-year-and-90-day time limitation for commencing an action against municipal defendants (General Municipal Law § 50-i[1][c]; see Kiernan v Thompson, 73 NY2d 840, 842 [1988]).
We are unpersuaded by defendants' assertion that they have been prejudiced by plaintiff's three-year delay. Defendants investigated the underlying crime for which plaintiff was arrested and continued their involvement [*2]with the matter until he was released from prison. As a result, they cannot now be heard to argue that they are substantially prejudiced by any impediments to investigation of the civil claim (see Nunez v City of New York, 307 AD2d 218, 219 [1st Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2023