Sanchez-Pesantez v City of New York

2026 NY Slip Op 02223

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Robin Fabricio Sanchez-Pesantez, Plaintiff-Respondent,

v

City of New York, Defendant, Dormitory Authority Of The State Of New York, Defendant-Appellant. And A Third-Party Action

Decided and Entered: April 14, 2026

Index No. 154634/24|Appeal No. 6363-6364|Case No. 2024-06523, 2025-05754|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Russo & Gould, LLP, New York (Alexandra L. Alvarez of counsel), for appellant.

The Breakstone Law Firm, Bellmore (Jay L.T. Breakstone of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about October 3, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to serve a late notice of claim, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 24, 2025, which granted defendant's motion to reargue so much of the aforementioned order as directed defendant to produce certain records in accordance with CPLR 409(a), and upon reargument, modified the order to the extent of vacating that directive and referring further discovery matters to the Justice assigned to the motion, unanimously dismissed, without costs, as abandoned.

Supreme Court providently exercised its discretion in granting plaintiff leave to file a late notice of claim. Plaintiff demonstrated that defendant Dormitory Authority of the State of New York (DASNY) had actual knowledge of the essential facts underlying the claims on which liability was predicated (see General Municipal Law § 50-e[5]; see e.g. Matter of Toro v New York City Hous. Auth., 182 AD2d 358, 358 [1st Dept 1992]; Joseph v New York City Hous. Auth., 179 AD2d 441, 441 [1st Dept 1992]). In addition, DASNY had actual notice from the job incident report, completed within hours of the accident by DASNY's own project manager on a DASNY form, which states the time and place, the injured worker, and general nature of the accident (see e.g. Matter of Toro, 182 AD2d at 358; Matter of Sokolowski v New York City Hous. Auth., 173 AD2d 239, 239 [1st Dept 1991]). Although the incident report contains limited details, DASNY cannot rely on its incompleteness to argue lack of sufficient notice, as it was generated through its own employee on its own form, and DASNY never sought to supplement it (see Joseph, 179 AD2d at 441; Matter of Sokolowski, 173 AD2d at 239). Furthermore, in light of the actual knowledge imparted by the job incident report, DASNY also did not suffer any substantial prejudice from the delay (see Matter of Jaime v City of New York, 41 NY3d 531, 539 [2024]).

Plaintiff's assertion that confusion over the proper entity to serve resulted in a 344-day delay in filing a notice of claim against DASNY does not constitute a reasonable excuse for the delay (see Matter of Kayam v City of New York, 237 AD3d 474, 475 [1st Dept 2025]; Matter of Richardson v New York City Hous. Auth., 136 AD3d 484, 485 [1st Dept 2016], lv denied 28 NY3d 905 [2016]). However, lack of reasonable excuse standing alone is not fatal to the motion, and given the surrounding circumstances, Supreme Court providently granted the motion despite the lack of reasonable excuse (see Mercedes v City of New York, 169 AD3d 606, 607 [1st Dept 2019]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026