■ Robert W. Sanchez, Appellant, v County of Westchester et al., Respondents.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Wood, J.), entered February 11, 1987, which denied the application, and (2) from an order of the same court, entered June 3, 1987, which, upon reargument, adhered to the original determination, and dismissed the petition pursuant to CPLR 3211 (a) (7).

Ordered that the appeal from the order entered February 11, 1987, is dismissed, as that order was superseded by the order entered June 3, 1987; and it is further,

Ordered that the order entered June 3, 1987, is modified, by deleting the provisions thereof which adhered to the original determination denying the petitioner's application for leave to serve a late notice of claim and granted the defendants'

motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) based on the petitioner's failure to file a timely notice of claim and substituting therefor a provision granting the petitioner's application for leave to file a late notice of claim, deeming the summons and complaint served and granting that branch of the respondents' motion which was to dismiss the petitioner's cause of action for false arrest pursuant to CPLR 3211 (a) (5) as being untimely; as so modified the order entered June 3, 1987 is affirmed and the order entered February 11, 1987 is amended accordingly; and it is further,

Ordered that the petitioner is awarded one bill of costs.

Based on the facts of this case, we conclude that the Supreme Court improvidently denied the petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim. The record herein clearly establishes that the respondents had actual notice of the facts surrounding the petitioner's claims of malicious prosecution and civil rights violations within 90 days after the claims arose. The petitioner, a former correction officer, had been arrested and prosecuted, along with several other correction officers, for allegedly assaulting an inmate. The petitioner was ultimately acquitted of all charges. No less than three Westchester County agencies, namely, the Department of Correction, the Parkway Police and the District Attorney's office were involved in the investigation, arrest and prosecution of the petitioner. Moreover, it is significant to note that one of the petitioner's fellow correction officers, who was also charged and acquitted of the assault charge along with the petitioner, served a timely notice of claim upon the respondents. Accordingly, it is clear that the respondent County of Westchester and the individually named respondents, to wit, the Warden, Associate Warden and Assistant Warden of the penitentiary where the petitioner was employed, as well as the Commissioner of the Department of Correction, had actual notice of the facts surrounding the petitioner's claim *(see, Matter of Herman v Village of Chester,* 125 AD2d 469). Moreover, no actual prejudice has been demonstrated by the respondents. Thus, although the petitioner failed to offer a reasonable excuse for his delay in filing a notice of claim, we conclude that under the circumstances of this case, this factor should not, in and of itself, prove fatal to the application *(see, Matter of Cicio v City of New York,* 98 AD2d 38) and that leave to serve a late notice of claim should have been granted so that a disposition may be had on the merits.

We do note, however, that the respondents are correct in

contending that the petitioner's cause of action for false arrest should be dismissed as untimely since that claim was not interposed within one year of the date of the petitioner's arrest and release from custody (see, CPLR 215; *Huff v State of New York*, 27 AD2d 892; *Karen v State of New York*, 111 Misc 2d 396). Mollen, P. J., Bracken, Sullivan and Harwood, JJ., concur.