■ CHARLES TATUM, Appellant, v CITY OF NEW YORK, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Duberstein, J.), dated August 22, 1988, which denied the application. The appeal brings up for review so much of an order of the same court, dated September 20, 1988, as,

upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated August 22, 1988, is dismissed, as that order was superseded by the order dated September 20, 1988, made upon reargument; and it is further,

Ordered that the order dated September 20, 1988, is reversed insofar as reviewed, the application is granted, the order dated August 22, 1988, is vacated, and the proposed notice of claim is deemed served; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The petitioner was arrested in Brooklyn in front of his home on January 28, 1988, for the crimes of attempted murder, criminal possession of a weapon, and criminal possession of a controlled substance. The petitioner hired defense counsel in February and the District Attorney, after investigation, elected not to present the case to the Grand Jury. The case was adjourned in contemplation of dismissal on March 22, 1988, and dismissal occurred on September 21, 1988.

On June 8, 1988, the petitioner moved for leave to serve a late notice asserting claims to recover damages for false imprisonment, malicious prosecution and intentional infliction of emotional distress. We find that the Supreme Court improvidently exercised its discretion by denying the motion.

We do not consider the merits of the petitioner's claims (see, General Municipal Law § 50-e [5]; *Montalto v Town of Harrison*, 151 AD2d 652; *Matter of Reisse v County of Nassau*, 141 AD2d 649).

Knowledge from police arrest records and District Attorney investigations may under some circumstances be imputed to a municipality (*Montalto v Town of Harrison, supra; Matter of Reisse v County of Nassau, supra*). In this case, the police arrest report and District Attorney's investigation resulting in the adjournment in contemplation of dismissal on March 22, 1988, may be considered actual or constructive knowledge to the city. Moreover, any delay involved was short.

Additionally, the city's arguments with respect to the untimeliness of notice for the petitioner's cause of action for malicious prosecution are made for first time on appeal and we do not consider them. Eiber, J. P., Harwood, Rosenblatt and Miller, JJ., concur.