[613 NYS2d 937]

# In the Matter of Karl Ragland, Respondent, v New York City Housing Authority, Appellant.

Second Department, July 5, 1994

8

### APPEARANCES OF COUNSEL

*Morris, Duffy, Alonso & Marulli,* New York City *(Joseph T. Glynn* of counsel), for appellant.

*Abraham Hecht,* Forest Hills *(Warren S. Hecht* on the brief), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

On this appeal we are called upon to consider the effect and interplay of CPL 160.50 (sealing of records upon termination of criminal action in favor of the accused) and General Municipal Law § 50-e (notice of claim). Since the Supreme Court did not give proper consideration to the impact of CPL 160.50 in this case, we have modified the order by imposing certain conditions.

I

On the evening of August 2, 1991, the petitioner, Karl Ragland, was arrested by a member of the New York City Housing Authority Police Department in front of 453 Beach 40th Street in Queens. Ragland was arrested for criminal contempt in the second degree (violation of an order of protection) and harassment. The officer acted on the basis of information supplied to him by the person who was to be protected by the order of protection.

The petitioner was arraigned in the Criminal Court of the City of New York, Queens County, and remanded, apparently in default of bail, until August 13, 1991. The charges were dismissed on November 7, 1991, and all records sealed pursuant to CPL 160.50. While the certificate of disposition does not set forth the reason for the dismissal, the petitioner indicates that it was because he had never been served with the order of protection. The petitioner, acting *pro se,* served a notice of claim upon the City of New York in January 1992. Subsequently, according to the petitioner, the Comptroller's Office

advised him that the City was not the proper party to be given notice. In March 1992 the petitioner consulted with his attorney and promptly moved for permission to serve a late notice of claim against the New York City Housing Authority (hereinafter the Authority), alleging false arrest, false imprisonment, and malicious prosecution resulting in "mental anguish or suffering, shame and humiliation, ridicule and scorn, moral and mental degradation, loss of earnings, property loss and physical injury". Public Housing Law § 157 (2) provides that all notices of claim relating to personal injuries must be presented to the Authority within 90 days and that all of the provisions of General Municipal Law § 50-e shall apply to such notices.

The Supreme Court granted the application, and deemed the notice of claim to be timely served. This decision was predicated upon the finding that the Authority had actual knowledge of the facts constituting the petitioner's cause of action. The court did not address the question of any possible prejudice to the Authority.

## II

General Municipal Law § 50-e (1) (a) required the petitioner to serve a notice of claim with the Authority within 90 days after the cause of action arose. The petitioner's claim sounding in false arrest accrued on August 13, 1991, the date on which he was released from custody (see, Sanchez v County of Westchester, 146 AD2d 620). This was also the accrual date of the petitioner's cause of action sounding in false imprisonment (see, Jackson v Police Dept., 119 AD2d 551, 552). However, the cause of action sounding in malicious prosecution did not accrue until November 7, 1991, when the charges were dismissed by the Criminal Court (see, Ciferri v State of New York, 118 AD2d 676). Using these accrual dates, the petitioner had until November 11, 1991 to serve a notice of claim as to the false arrest and false imprisonment causes of action and until February 5, 1992, to serve a notice of claim as to the malicious prosecution cause of action. Hence, the petitioner sought leave to serve the notice of claim approximately five months and two months late, respectively.

The petitioner's application for leave to serve a late notice of claim is governed by General Municipal Law § 50-e (5), which sets forth a series of factors to be considered by the court in deciding the application. In this case, the factors that

are significant in determining the propriety of the court's exercise of discretion are: (a) whether the application was brought within the time which the action could have been commenced against the Authority, (b) whether the Authority acquired actual knowledge of the essential facts constituting the causes of action within 90 days of their accrual or within a reasonable time thereafter, (c) whether the petitioner in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted, and (d) whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits. We would point out, however, that we do not consider the merits of the petitioner's causes of action *(see,* General Municipal Law § 50-e [5]; *Tatum v City of New York,* 161 AD2d 580; *Montalto v Town of Harrison,* 151 AD2d 652; *Matter of Reisse v County of Nassau,* 141 AD2d 649).

The petitioner contends that the Authority had actual knowledge of the facts constituting the causes of action, since they are predicated on the conduct and actions of the arresting officer, who is an employee of the Authority. As a police officer, he prepared and filed reports concerning all the events involved in the arrest and prosecution of the petitioner. The Authority, on the other hand, contends that knowledge obtained by "a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" *(Caselli v City of New York,* 105 AD2d 251, 255). In *Evans v New York City Hous. Auth.* (176 AD2d 221), the Supreme Court had granted leave to serve a late notice of claim based on the rape of the petitioner in an elevator in an Authority project, holding that the existence of a police aided report indicated that the Authority had actual knowledge of essential facts underlying the crime. In reversing, the Appellate Division, First Department, noted that nothing in the aided report connected the rape with a defective lock or lack of security which was the basis of that petitioner's notice of claim. Similarly, in *Chattergoon v New York City Hous. Auth.* (161 AD2d 141, *affd* 78 NY2d 958), a majority of the Appellate Division, First Department, held that a police investigation of the homicide of the petitioner's decedent did not give actual knowledge to the Authority, since the police investigation was geared toward finding the murderer and not toward defending any claim of negligence on the part of the Authority.

However, actual knowledge has been found to exist when there are other factors in addition to the existence of an accident or aided report *(see, Caselli v City of New York, supra,* at 256). A factor of considerable significance in this regard arises when it is the acts of the police which give rise to the very claim set forth in the proposed notice *(see, Tatum v City of New York, supra* [false imprisonment, malicious prosecution]; *McKenna v City of New York,* 154 AD2d 655 [false arrest and imprisonment]; *Montalto v Town of Harrison, supra* [false arrest and imprisonment, malicious prosecution]; *Matter of Reisse v County of Nassau, supra* [false arrest and imprisonment, malicious prosecution, violation of civil rights]; *Matter of Mazzilli v City of New York,* 115 AD2d 604 [assault]). The Supreme Court in the case before us relied on this general principle and the foregoing cases in holding: "Where, as here, members of the municipality's police department participate in the acts giving rise to the claim, and *reports and complaints have been filed by the police,* the municipality will be held to have actual notice of the essential facts of the claim [citations omitted]" (emphasis added). Since the reason for the early filing of a notice of claim is to permit the public corporation to conduct a prompt investigation into the facts and circumstances giving rise to the claim, the existence of reports in its own files concerning those facts and circumstances is the functional equivalent of an investigation. In the normal course, it would follow that the public corporation, in this case the Authority, would suffer no prejudice. However, under the facts of this case, the Supreme Court should have considered whether or not the Authority has been substantially prejudiced.

## III

While it is true that the arresting officer filed reports with the Authority and with the Criminal Court, those files and reports are *not* available to the Authority at this time. The certificate of disposition submitted by the petitioner clearly indicates that the charges were dismissed and sealed pursuant to CPL 160.50. This section provides, *inter alia,* that upon a disposition favorable to the defendant: "all official records and papers, including judgments and orders of a court * * * relating to the arrest or prosecution, including all duplicates and copies thereof, on file with * * * any court, police agency, or prosecutor's office shall be sealed and not made available to

any person or public or private agency" (CPL 160.50 [1] [c]). It is clear, therefore, that the Authority does not have access to the files of the Criminal Court, the District Attorney, or even the files maintained by the Authority's Police Department, since it is a police agency within the meaning of CPL 160.50 (1) (c). Accordingly, the imputed knowledge which ordinarily would be the equivalent of a prompt investigation does not presently fulfill that function in this case. Furthermore, these sealed records may be made available only to the defendant (the petitioner herein) or his designated agent (CPL 160.50 [1] [d]). It would appear that under these circumstances, the Authority's contention that it would suffer substantial prejudice if the petitioner were granted leave to serve a late notice of claim is meritorious.

When, as in this case, there is a real possibility that the sealing of criminal records might substantially prejudice the defendant in a civil action by precluding it from establishing a meritorious defense, our courts have applied the concept of implied waiver of the statutory rights contained in CPL 160.50. For example, in *Gebbie v Gertz Div. of Allied Stores* (94 AD2d 165), this Court examined the situation of a plaintiff who had been found not guilty of shoplifting and who had then sued for false arrest and malicious prosecution. The issue of probable cause, which is most relevant in actions to recover damages for false arrest and malicious prosecution, also was present in the criminal prosecution. Indeed, by bringing the civil action, the plaintiff had placed "probable cause" in issue. Under these circumstances, we held that the plaintiff could not use the statutory privilege of the sealing statute (CPL 160.50) as a sword to prevent the defendant from obtaining relevant evidence regarding this critical issue. Relying on *Koump v Smith* (25 NY2d 287 [doctor-patient privilege]) and *Prink v Rockefeller Ctr.* (48 NY2d 309 [spousal privilege and doctor-patient privilege]), we reasoned that, by instituting the action, the plaintiff impliedly waived his statutory privilege under the sealing statute. We further held that the alternative relief sought by the defendant should be granted, and that the plaintiff would either be required to supply consents and authorizations to permit the defendant to examine and copy the record of the criminal case or be precluded from introducing any evidence at trial as to false arrest and malicious prosecution. This concept of implied waiver of the privileges set forth in CPL 160.50 by instituting a civil action that places in issue elements common to both the civil action and

criminal prosecution has become firmly established *(see, Lott v Great E. Mall,* 87 AD2d 978; *Lundell v Ford Motor Co.,* 120 AD2d 575; *Taylor v New York City Tr. Auth.,* 131 AD2d 460; *Wright v Snow,* 175 AD2d 451; *Matter of Weigand [Elbridge True Value Hardware],* 187 AD2d 791).

We are mindful of the fact that the petitioner herein has not yet instituted a plenary civil suit, but simply seeks leave to serve a late notice of claim. However, we do not believe that this distinction in the procedural posture of the instant matter warrants a different result. The reality is that serving such a notice of claim is a condition precedent to instituting a civil action against the Authority. Indeed, the County Court, Westchester County, recently addressed a similar application by the Town of Mount Pleasant for access to the sealed records of *People v Riner* (Westchester County index No. 92-0001). Ms. Riner had been acquitted of four counts of murder in the second degree and arson in the first degree. Subsequently, she filed a notice of claim against the Town of Mount Pleasant to recover, *inter alia,* for false arrest and imprisonment and malicious prosecution. In granting the Town's application, Judge Silverman observed: "Counsel for Ms. Riner argues that since a notice of claim does not constitute a plenary civil action no waiver has occurred. It appears to this court, however, that the reasons which justify unsealing once a civil action has commenced exists as well when a notice of claim is filed. The very purpose of the notice is to provide a municipality with an opportunity to investigate the claim against it, and seek to adjust the claim before a civil action is brought. If the records of the event complained of are unavailable, the purpose of the notice statute is thwarted. It is this court's opinion that Ms. Riner should not be permitted to use the sealing statute as both a sword and shield. If she intends to sue the Town, as the notice of claim promises, the Town should have a right to investigate the claim and defend itself" *(Matter of New York State Temporary Commn. of Investigation,* 155 Misc 2d 822, 826-827).

It is clear that as long as the files of the Criminal Court, the District Attorney, and the Authority's Police Department in the case of *People v Karl Ragland* (docket number 91 Q025937) remain sealed, the Authority is substantially prejudiced, and the granting of leave to serve a late notice of claim must be considered an improvident exercise of discretion. However, should the petitioner provide the necessary consents and authorizations required by CPL 160.50 (1) (d) permitting

the appellant access to these files, the prejudice dissipates and the granting of leave to serve a late notice is appropriate. We further note in this regard, that in considering applications for leave to serve late notices of claim under circumstances similar to those here, the trial courts should keep in mind that original stenographic notes of criminal prosecutions need only be preserved for two years, after which they may be destroyed (see, Judiciary Law § 297).

Accordingly, the judgment is modified, on the law and as a matter of discretion, by adding a provision thereto that leave to serve a late notice of claim is contingent upon the petitioner's delivery to the appellant of the appropriate consents and authorizations for the appellant to examine, inspect, and copy the file and record in the case of *People v Karl Ragland* (docket number 91 Q025937), and to unseal the records of the Police Department of the New York City Housing Authority dealing with that same case, and in the event that condition is not complied with, then the notice of claim shall be stricken, and the motion for leave to serve a late notice of claim denied. As so modified, the judgment is affirmed, without costs or disbursements, and the petitioner's time to comply with the condition is extended until 30 days after service upon him of a copy of this opinion and order, with notice of entry.

ROSENBLATT, PIZZUTO and ALTMAN, JJ., concur.

Ordered that the judgment is modified, on the law and as a matter of discretion, by adding a provision thereto that leave to serve a late notice of claim is contingent upon the petitioner's delivery to the appellant of the appropriate consents and authorizations for the appellant to examine, inspect, and copy the file and record in the case of *People v Karl Ragland* (docket number 91 Q025937), and to unseal the records of the Police Department of the New York City Housing Authority dealing with that same case, and in the event that condition is not complied with, then the notice of claim shall be stricken, and the motion for leave to serve a late notice of claim denied; as so modified, the judgment is affirmed, without costs or disbursements, and the petitioner's time to comply with the condition is extended until 30 days after service upon him of a copy of this opinion and order, with notice of entry.