■ In the Matter of TERRELL BATTLE, Respondent, et al., Petitioner, v CITY OF NEW YORK et al., Appellants. [690 NYS2d

698] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal,. as limited by the appellants' brief, is from so much of an order of the Supreme Court, Kings County (R. Goldberg, J.), dated March 30, 1998, as granted the application with respect to the infant petitioner.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

A court, after considering all relevant facts and circumstances presented to it, has the discretion to extend the time to serve a notice of claim (*see,* General Municipal Law § 50-e [5]; *Matter of Sverdlin v City of New York,* 229 AD2d 544, 545; *Matter of Singh v City of N. Y. / Bronx Community Coll.,* 223 AD2d 545, 546; *Matter of Gallino v Village of Shoreham,* 222 AD2d 506; *Matter of Rudisel v City of New York,* 217 AD2d 702). A factor that should be accorded great weight is whether the City of New York received actual knowledge of the facts constituting the claim in a timely manner (*see, Kalenda v Buffalo Mun. Hous. Auth.,* 203 AD2d 937; *see also, Hilton v Town of Richland,* 216 AD2d 921). Here, the City received actual knowledge of the essential facts constituting the claim within 90 days of its accrual. The City's own employees were involved in remedying the violations cited and the City's own agency, the New York City Department of Health, had records of all inspections done on the subject premises (*see, Matter of Holmes v City of New York,* 189 AD2d 676). Thus, there will be no substantial prejudice to the City as a result of the petitioners' delay. Accordingly, the granting of the application with respect to the infant petitioner was not an improvident exercise of discretion. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.