■ PATRICIA GIBBS, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [804 NYS2d 393]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Queens County (Flug, J.), dated August 12, 2004, as denied her motion for leave to serve a late notice of claim upon the defendant New York City Health and Hospitals Corporation and to deem the summons and complaint properly served upon that defendant, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation, and (2) an order of the same court dated March 18, 2005, as, upon reargument, adhered to so much of its prior determination denying her motion and granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation.

Ordered that the appeal from the order dated August 12, 2004, is dismissed, as that order was superseded by the order dated March 18, 2005, made upon reargument; and it is further,

Ordered that the order dated March 18, 2005, is reversed insofar as appealed from, on the law and as a matter of discretion, upon reargument, the plaintiff's motion is granted and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation is denied, the complaint insofar as asserted against the defendant New York City Health and Hospitals Corporation is reinstated, and the order dated August 12, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff was injured on January 7, 2003, while she was being transported by an ambulance operated by the defendant New York City Health and Hospitals Corporation (hereinafter HHC) and owned by the defendant City of New York. The plaintiff filed a timely notice of claim upon the City. By order to show cause dated March 31, 2004, the plaintiff moved, inter alia, for leave to serve a late notice of claim upon HHC. The

defendants cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendants' cross motion. The plaintiff moved for leave to reargue and, upon reargument, the Supreme Court denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against the City and adhered to so much of its prior determination granting that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against HHC and denying the plaintiff's prior motion.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion, inter alia, for leave to serve a late notice of claim upon HHC and in granting that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against HHC. In determining whether or not to grant leave to serve a late notice of claim, a court must consider, inter alia, whether HHC acquired actual knowledge of the facts constituting the claim within 90 days after it arose or within a reasonable time thereafter, whether the delay would substantially prejudice HHC in maintaining its defense on the merits, and whether the plaintiff demonstrated a reasonable excuse for the delay (*see* General Municipal Law § 50-e [5]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635 [2003]).

In this case, HHC acquired timely actual notice of the underlying facts of the claim because the driver and attendants of the ambulance, employees of Coler-Goldwater Hospital, an HHC facility, performed the acts complained of (*see Ayala v City of New York*, 189 AD2d 632 [1993]; *Schiavone v County of Nassau*, 51 AD2d 980 [1976], *affd* 41 NY2d 844 [1977]). Furthermore, the progress record of the hospital contained the plaintiff's allegation that she was injured when the driver of the ambulance braked and the wheelchair in which she was seated moved forward. Thus, HHC was also aware that the plaintiff was claiming that the ambulance driver and its attendants were at fault in the happening of this accident (*see Medley v Cichon*, 305 AD2d 643, 644 [2003]; *Ayala v City of New York, supra; Williams v New York City Health & Hosps. Corp.*, 93 AD2d 885 [1983]).

The plaintiff also demonstrated the absence of prejudice to HHC by reason of HHC's actual notice of the underlying facts of the claim (*see Montero v New York City Health & Hosps. Corp.*, 17 AD3d 550 [2005]; *Matter of Speed v A. Holly Patterson Extended Care Facility*, 10 AD3d 400 [2004]). HHC did not allege that any of its employees involved in the accident have

since left its employ or that it is unable to obtain information from any investigation conducted by its codefendant, the City (*see Medley v Cichon, supra*). HHC's conclusory assertions, made solely by its attorney, that it was prejudiced by reason of the lengthy delay was insufficient to meet its burden of overcoming the plaintiff's showing of lack of prejudice (*id.; Matter of Staley v Piper*, 285 AD2d 601, 603 [2001]; *Matter of Tomlinson v New York City Health & Hosps. Corp.*, 190 AD2d 806, 807 [1993]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 673 [1991]).

Finally, where there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (*see Montero v New York City Health & Hosps. Corp., supra; Matter of Hendershot v Westchester Med. Ctr.*, 8 AD3d 381, 382 [2004]; *Medley v Cichon, supra* at 645). Schmidt, J.P., S. Miller, Mastro, Spolzino and Lunn, JJ., concur.