■ In the Matter of CHARLES MARCH et al., Appellants, v TOWN OF WAPPINGER et al., Respondents. [816 NYS2d 534]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioners appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 30, 2005, which denied the petition.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, the petition is granted, and the proposed notice of claim is deemed served.

The three key factors to be considered in evaluating an application for leave to serve a late notice of claim are "(1) whether the movant has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality or agency acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense" (*Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492, 493 [2004]; *see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866 [2003]; *Matter of DiBella v City of New York*, 234 AD2d 366 [1996]). The Supreme Court improvidently exercised its discretion in denying leave to serve the late notice of claim, as the record clearly indicates that the respondent Town of Wappinger received timely actual knowledge of the facts constituting the subject nuisance claim (*see Hale v Webster Cent. School Dist.*, 12 AD3d 1052 [2004]; *Matter of National Sur. Corp. v Town of Greenburgh*, 266 AD2d 550, 551 [1999]; *Matter of Battle v City of New York*, 261 AD2d 614, 615 [1999]).

Moreover, since the Town received timely knowledge of the facts constituting the claim, any limitation on the opportunity to investigate the cause of the flooding in the appellants' basement resulted from the Town's own dilatory conduct and not from the delay in service of the notice of claim. Consequently, the Town's claim that it will be prejudiced in maintaining its defense on the merits at this juncture is unavailing (*see Barnes v New York City Hous. Auth.*, 262 AD2d 46, 47 [1999]; *Walter v State of New York*, 235 AD2d 623, 625 [1997]; *Matter of Turner v City of New York*, 203 AD2d 294 [1994]; *cf. Corrales v Middle Country Cent. School Dist.*, 307 AD2d 907 [2003]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 389 [2000]).

Lastly, although the appellants' ignorance of the requirements of General Municipal Law § 50-e is no excuse for not timely filing a notice of claim (*see Matter of Winston v City of New York*, 249 AD2d 404 [1998]; *Matter of James v City of New York*, 242 AD2d 630 [1997]), the absence of a reasonable excuse for the 11-month delay is not necessarily fatal to this application for leave to serve a late notice of claim when balanced against the lack of prejudice to the municipality and the fact that the municipality obtained actual knowledge of the facts constituting the claim within the 90-day statutory period or a reasonable time thereafter (*see Matter of Johnson v City of New York*, 302 AD2d 463 [2003]; *Hayden v Incorporated Vil. of Hempstead*, 103 AD2d 765, 766 [1984]). Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.