■ GEORGE JORDAN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [838 NYS2d 624]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much an order of the Supreme Court, Kings County (Solomon, J.), dated May 31, 2006, as granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim against it.

Ordered that the order is affirmed insofar as appealed from, with costs. "To commence a tort action against a municipality, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* General Municipal Law § 50-e [1] [a]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discretion, extend the time to serve a notice of claim (*see Matter of Lodati v City of New York*, 303 AD2d 406 [2003]; *Matter of Allen*, 268 AD2d 520 [2000]). In determining whether to grant the claimant's application for leave to serve a late notice of claim, '[t]he key factors which the Supreme Court must consider are whether the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in its defense' (*Matter of Valestil v City of New York*, 295 AD2d 619 [2002]; *see* General Municipal Law § 50-e [5]; *Matter of Kittredge v New York City Hous. Auth.*, 275 AD2d 746 [2000])" (*Matter of Hicks v City of New York*, 8 AD3d 566 [2004]).

Neither the presence nor the absence of any one factor is determinative (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 758-759 [2006]; *Matter of Morris v County of Suffolk*, 88 AD2d 956 [1982], *affd* 58 NY2d 767 [1982]), and even the absence of a reasonable excuse is not necessarily fatal (*see Matter of March v Town of Wappinger*, 29 AD3d 998 [2006]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]).

This matter involves a claim by the plaintiff for injuries he allegedly sustained in an accident that occurred on the morning of January 3, 2005. At that time, the vehicle driven by the plaintiff hit a support pillar or stanchion supporting the elevated train tracks of the defendant New York City Transit Authority at the intersection of Kings Highway and East 98th Street in Brooklyn.

Here, the defendant City of New York timely acquired actual knowledge of the essential facts underlying this claim by way of the timely notices of claim served by Nicole Julius and Natalie Jordan, passengers in the plaintiff's vehicle at the time of the accident who also allegedly sustained injuries in the accident (*see Matter of Alvarenga v Finlay, supra*; cf. *Matter of Mangona v Village of Greenwich*, 252 AD2d 732 [1998]; *Rudd v Andrews*, 199 AD2d 772 [1993]). Since the City acquired timely knowledge of the essential facts of the claim, the plaintiff met his initial burden of showing a lack of prejudice (*see Gibbs v City of New York*, 22 AD3d 717 [2005]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]). The City's conclusory assertions of prejudice, based solely on the plaintiff's delay in serving the notice of claim, are insufficient (*see Gibbs v City of New York, supra; Matter of Andrew T.B. v Brewster Cent. School Dist., supra*).

The City correctly contends that the plaintiff's excuse for failing to timely serve his notice of claim was insufficient. However, that is not fatal and, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve a late notice of claim against the City (*see Matter of March v Town of Wappinger, supra; Matter of Hicks v City of New York, supra; Matter of Alvarenga v Finlay, supra*). Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.