■ In the Matter of STEVEN BROWNSTEIN et al., Appellants, v INCORPORATED VILLAGE OF HEMPSTEAD, Respondent. [859 NYS2d 682]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Nassau County (Feinman, J.), entered September 18, 2007, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is granted, and the notice of claim is deemed served on the respondent.

The petitioners alleged that the petitioner Brunswick Imaging Corp. (hereinafter BIC) was the owner of an MRI trailer purchased in 1999 for the sum of $126,093. The petitioner Steven Brownstein is the principal of BIC. The MRI trailer allegedly contained medical equipment purchased for more than $350,000. The petitioners further alleged that on December 3, 2006 the trailer was parked on a street in the respondent Incorporated Village of Hempstead. At the time, the trailer bore an equipment license plate. A generator connected to the MRI trailer also bore an equipment license plate. The petitioners alleged that on December 5, 2006 the Village's Police Department impounded the trailer, and sold it for scrap the next day, for the sum of $6,600. The Village did not contact the petitioners prior to the impounding or the sale. The petitioners did not serve a notice of claim on the Village within 90 days. Instead, on July 9, 2007, they commenced this special proceeding under General Municipal Law § 50-e (5), seeking leave to serve a late notice of claim upon the Village. The Supreme Court denied the petition and dismissed the proceeding. We reverse.

In order to commence a tort action against a municipality, General Municipal Law § 50-e (1) (a) requires a claimant to serve a notice of claim within 90 days of the alleged injury (*see Jordan v City of New York,* 41 AD3d 658, 659 [2007]). Pursuant to General Municipal Law § 50-e (5), the court may, in its discre-

tion, extend the time to serve a notice of claim (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138 [2008]; *Matter of Lodati v City of New York,* 303 AD2d 406, 406-407 [2003]). The key factors in determining whether to allow service of a late notice of claim are whether (1) the movant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Jordan v City of New York,* 41 AD3d at 659; *Matter of Lodati v City of New York,* 303 AD2d at 407). The presence or absence of any one of these factors is not necessarily determinative (*see Matter of Dell'Italia v Long Is. R.R. Corp.,* 31 AD3d 758, 759 [2006]; *Salvaggio v Western Regional Off-Track Betting Corp.,* 203 AD2d 938, 939 [1994]), and the absence of a reasonable excuse is not necessarily fatal (*see Jordan v City of New York,* 41 AD3d at 659; *Matter of March v Town of Wappinger,* 29 AD3d 998, 999 [2006]). "However, whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim is seen as 'a factor which should be accorded great weight' " (*Matter of Dell'Italia v Long Is. R.R. Corp.,* 31 AD3d at 759, quoting *Matter of Morris v County of Suffolk,* 88 AD2d 956, 956 [1982], *affd* 58 NY2d 767 [1982]; *see Matter of Battle v City of New York,* 261 AD2d 614, 615 [1999]).

In this case, the Supreme Court improvidently exercised its discretion in denying the petition for leave to serve a late notice of claim. The record clearly indicates that the Village received timely actual knowledge of the essential facts constituting the claim (*see Matter of March v Town of Wappinger,* 29 AD3d at 999). In particular, agents of the Village performed the acts complained of (*see Gibbs v City of New York,* 22 AD3d 717, 719 [2005]; *Matter of Schiffman v City of New York,* 19 AD3d 206, 207 [2005]; *Ayala v City of New York,* 189 AD2d 632, 633 [1993]; *see also Matter of Vasquez v City of Newburgh,* 35 AD3d 621, 623 [2006]). The Village contends that it had no notice of the value and contents of the MRI trailer within 90 days of accrual of the claim. However, that implicates the issue of damages, the extent of which, in most cases, will be unknown to the respondent until it has the opportunity to examine the claimant pursuant to General Municipal Law § 50-h.

Furthermore, by demonstrating that the Village acquired timely knowledge of the essential facts of the claim, the petition-

ers met their initial burden of establishing a lack of substantial prejudice to the Village should late service of the notice of claim be allowed (*see Jordan v City of New York,* 41 AD3d at 660; *Gibbs v City of New York,* 22 AD3d at 719; *Matter of Schiffman v City of New York,* 19 AD3d at 207; *see also Williams v Nassau County Med. Ctr.,* 6 NY3d at 539). The Village argues that it was substantially prejudiced because it was deprived of the opportunity to "possibly retrieve" the MRI trailer. However, it was incumbent upon the Village to show that the petitioners' delay substantially prejudiced its ability to maintain a defense to the claim—for example, by demonstrating that the employees involved in impounding the MRI trailer have since left the Village's employ (*see Gibbs v City of New York,* 22 AD3d 717, 719-720 [2005]). The Village's conclusory assertion, made solely by its attorney, of what it might have accomplished by way of the MRI trailer's retrieval, had the petitioners served a notice of claim within the 90-day period, was insufficient to meet its burden of overcoming the petitioners' showing of a lack of substantial prejudice (*see Jordan v City of New York,* 41 AD3d at 660; *Gibbs v City of New York,* 22 AD3d at 720).

While the petitioners conceded that they had no reasonable excuse for their failure to timely serve a notice of claim within the 90-day period, where there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (*see Matter of Rivera-Guallpa v County of Nassau,* 40 AD3d 1001, 1002 [2007]; *Gibbs v City of New York,* 22 AD3d at 720; *Montero v New York City Health & Hosps. Corp.,* 17 AD3d 550, 550-551 [2005]; *Matter of Hendershot v Westchester Med. Ctr.,* 8 AD3d 381, 382 [2004]).

Accordingly, the Supreme Court should have granted the petition and allowed the petitioners to serve a late notice of claim. Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.