WILLIAM R. ERICHSON, Appellant, v CITY OF POUGHKEEPSIE POLICE DEPARTMENT et al., Respondents. [888 NYS2d 77]—

In an action to recover damages for assault, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated October 6, 2008, as denied that branch of his motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim is granted.

A court, after considering all relevant facts and circumstances presented to it, has the discretion to extend the time to serve a notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Battle v City of New York,* 261 AD2d 614, 615 [1999]). A factor that should be accorded great weight is whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim (*see Matter of Brownstein v Incorporated Vil. of Hempstead,* 52 AD3d 507, 509 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 147 [2008]; *Matter of Dell'Italia v Long Is. R.R. Corp.,* 31 AD3d 758, 759 [2006]; *Matter of Battle v City of New York,* 261 AD2d at 615).

Here, the City of Poughkeepsie Police Department (hereinafter the City) had actual knowledge of the facts underlying the plaintiff's claim, as its own employees engaged in the conduct which gave rise to the claim (*see Picciano v Nassau County Civ. Serv. Commn.,* 290 AD2d 164, 174 [2001]; *Matter of Ragland v New York City Hous. Auth.,* 201 AD2d 7, 11 [1994]; *Tatum v City of New York,* 161 AD2d 580, 581 [1990]; *McKenna v City of New York,* 154 AD2d 655 [1989]). In addition, the original notice of claim, which was served only six days beyond the statutory period, was sufficiently particular to apprise the City of the plaintiff's claim of assault within a reasonable time after the claim accrued (*see Matter of Gelish v Dix Hills Water Dist.,* 58 AD3d 841, 842 [2009]; *Bussey v City of New York,* 50 AD3d 938, 939 [2008]; *Matter of Fritsch v Westchester County Dept. of Transp.,* 170 AD2d 602 [1991]). Since the City acquired timely knowledge of the essential facts of the claim, the plaintiff met his initial burden of showing a lack of substantial prejudice to the City's ability to maintain a defense on the claim (*see Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d at 152; *Jordan v City of New York,* 41 AD3d 658, 660 [2007]; *Gibbs v City of New York,* 22 AD3d 717, 720 [2005]). In opposition, the City failed to demonstrate substantial prejudice (*see Matter of Brownstein v Incorporated Vil. of Hempstead,* 52 AD3d 507, 510 [2008]; *Jordan v City of New York,* 41 AD3d 658, 660 [2007]; *Gibbs v City of New York,* 22 AD3d at 720) or that the plaintiff's underlying claim was patently without merit (*see Matter of Leeds v Port Washington Union Free School Dist.,* 55 AD3d 734 [2008]; *Matter of Chambers v Nassau County Health Care Corp.,* 50 AD3d 1134, 1135 [2008]).

Finally, where there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (*see Brownstein v Incorporated Vil. of Hempstead,* 52 AD3d at 510; *Matter of Rivera-*

*Guallpa v County of Nassau,* 40 AD3d 1001, 1002 [2007]; *Gibbs v City of New York,* 22 AD3d at 720). Accordingly, that branch of the plaintiff's motion which was for leave to serve a late notice of claim should have been granted. Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.