*1018 In a proceeding, in effect, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the City of New York appeals (1) from an order of the Supreme Court, Kings County (Rothenberg, J.), dated October 24, 2008, which granted the petition, and (2) from so much of an order of the same court dated October 2, 2009, as upon, in effect, granting its motion for reargument, adhered to the original determination.
Ordered that the appeal from the order dated October 24, 2008, is dismissed, as that order was superseded by the order made upon reargument; and it is further,
Ordered that the order dated October 2, 2009, is reversed insofar as appealed from, on the law, and upon reargument, the order dated October 24, 2008, is vacated, and the petitioner’s application, in effect, for leave to serve a late notice of claim is denied; and it is further,
Ordered that one bill of costs is awarded to the appellant.
Contrary to the petitioner’s contentions, since no proper notice of entry of the October 24, 2008, order was ever served on the City of New York, its time to appeal never commenced running (see CPLR 5513 [a]; Nagin v Long Is. Sav. Bank, 94 AD2d 710 [1983]). Accordingly, the City’s motion for reargument was timely made (see Matter of Huie [Furman], 20 NY2d 568, 572 [1967]).
In determining whether leave to serve a late notice of claim should be granted, a court should consider, as key factors, whether (1) the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, (3) the claimant was an infant, and (4) the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838 [2008]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]; Matter of March v Town of Wappinger, 29 AD3d 998 [2006]; Gibbs v City of New York, 22 AD3d 717 [2005]). In the instant case, the petitioner’s conclusory assertions failed to establish a reasonable excuse for her failure to serve a timely notice of claim, and the police report and the “NYC 911 System Provider Patient Call Report” were insufficient to charge the City with actual knowledge of the essential facts constituting *1019 the claim within 90 days from its accrual or a reasonable time thereafter. Moreover, the petitioner failed to demonstrate that the delay in moving, in effect, for leave to serve a late notice of claim did not substantially prejudice the City’s ability to maintain a defense on the merits. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.