■ In the Matter of ADRIAN MITCHELL, Appellant, v CITY OF NEW YORK, Respondent, et al., Respondents. [22 NYS3d 130]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the City of New York, the petitioner appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated September 12, 2014, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.

A court, after considering all relevant facts and circumstances, has the discretion to extend the time to serve a notice of claim (*see* General Municipal Law § 50-e [5]). A factor which is of great importance is whether the respondents acquired timely actual knowledge of the essential facts constituting the claim (*see Matter of Romeo v Long Is. Power Auth.*, 133 AD3d 667 [2d Dept 2015]; *Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820, 821 [2009]).

The petitioner alleges that on June 12, 2013, she was arrested by three New York City police officers, based on false accusations made by her infant son's father, the respondent Tyrone Brodie, who is also a New York City police officer. According to the petitioner, Brodie, who was angry with the petitioner as a result of an ongoing child custody dispute, falsely accused her of threatening him in an email. As a result of the false arrest, the petitioner alleges that she filed a Domestic Incident Report and was assured that the New York City Police Department's Internal Affairs Bureau (hereinafter IAB) would be notified of Brodie's conduct. The petitioner was later provided with an IAB case number. The petitioner maintains that she retained counsel to pursue legal action only once she realized the New York City Police Department was not going to sanction Brodie based on the complaint she filed with the IAB.

Under the circumstances presented, the respondent City of New York acquired timely, actual knowledge of the essential facts constituting the claim, as its agents were involved not only in executing the allegedly false arrest, but also in generating the allegedly false information on which the petitioner's arrest was based (*see Matter of R.A. v City of New York*, 132 AD3d 878 [2015]; *Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d at 821; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 11 [1994]). Moreover, the petitioner established a lack of substantial prejudice to the City's ability to defend the claim (*see Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 510 [2008]).

"[W]here there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d at 821).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition and, in effect, dismissing the proceeding. Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.